Indictment against the defendant for falsely arresting and imprisoning one Bonnard Long, to which the defendant pleaded not guilty. It was proved on the trial that the defendant arrested and took into his custody Bonnard Long and detained him in custody several hours. It was also proved that the defendant said he arrested Long on a warrant in favor of Bryson Alison. The defendant proved that he was a constable for Macon County, in which the arrest was made. The defendant's counsel admitted that he had no warrant at the time of the arrest in favor of Bryson Alison, but alleged that he had a warrant in favor of one Matthis, and offered the warrant, which was in the following words, to wit:
"NORTH CAROLINA — Macon County — ss.
"To any lawful officer to execute and return in thirty days, Sundays excepted: You are hereby commanded to take the body of Bonnard Long and cause him to appear before some justice of the peace of said county, to answer the complaint of Peter Matthis in a plea of debt due by book account, the sum under ten dollars. Given under my hand and seal, this 18 February, 1841. (Signed and sealed by a justice)."
On the back of this was an indorsement as follows:
"Peter Matthis v. Bonnard Long, $7.56. Executed by B. Kirby, Const."
The defendant then proved by one Paxton that he (Paxton), as the agent of Bryson Alison, carried a note executed by Long to the defendant and informed him that Bryson Alison wished him to (91) proceed on the said note against Long immediately, for he (the witness) was informed that Long was about to run away. This witness further stated that he saw at the same time a warrant in the possession of the defendant in favor of Matthis against Long, and believed the warrant offered in evidence to be the same paper; that the defendant arrested Long on the same day in the county of Macon; that Long wished to cross the line into Haywood County for the purpose of making an arrangement with Bryson and Alison, who lived in Haywood; that *Page 74 
the defendant refused to let Long go into Haywood County unless Bryson and Alison would release him (the defendant) from all liability; that they agreed to do so, and Long went into Haywood. This witness heard nothing said between Long and the defendant about the Matthis debt. The defendant then proved by one Bryson that he heard something between the defendant and Long about the Matthis debt while Long was in custody, but could not tell what was said. There was no evidence that Matthis had ever instructed or required the defendant to hold Long to bail on the said warrant. The defendant's counsel requested the court to instruct the jury, "that although the law is that unless the plaintiff instruct the officer to hold to bail, the warrant is nothing more than a summons; yet if the jury are satisfied from the evidence of Paxton that the defendant was informed, upon the arrest, that Long was about to run away, the defendant, being in law the agent of Matthis, had a right to hold Long to bail if he did so bonafide for the purpose of securing the debt due to Matthis." The court refused the instructions asked for, but instructed the jury that if they believed the defendant arrested Long and detained him in custody several hours, as stated by the witness, without any legal authority to do so, he was guilty of the charge in the indictment; that the warrant in favor of Matthis, if they believed the defendant had it in his possession at the arrest, would not authorize the arrest and detention of Long, unless Matthis had instructed the defendant to hold Long to bail.
The jury found the defendant guilty, and judgment having been (92) given pursuant to the verdict, the defendant appealed.
A constable is directed by the act of 1794 (Rev. Stat., ch. 62, sec. 7), "when required by the plaintiff," to take bail on serving a warrant. The act does not prescribe the mode in which the plaintiff shall require bail as by endorsement by himself or his agent on the warrant, and perhaps the omission may lead to abuses if permitted to continue; but as the act is silent, we should feel obliged to hold that an oral requisition was sufficient, and that of an agent was in law that of the plaintiff. But we think the court was right in refusing the instructions prayed for, because they assume a position wholly indefensible that the constable was "in law the agent of the plaintiff" for this purpose. By virtue of his office, he is not the agent of the party, but of the law; and in reference to the power and duty of taking bail, he is to act as he may be required by the plaintiff, and not by his own will or judgment. Whether he can become the agent of the plaintiff, so as thereby to invest *Page 75 
himself with the arbitrary authority to summon or to imprison a defendant, is well worthy of consideration. Admit that he may, there was no evidence of such agency of the defendant for Matthis in this case — not even anything from which an agency for this purpose might be remotely inferred, as if the demand were due on a bond and Matthis had placed it in the hands of the defendant to collect, with or without suit. The defendant was clearly guilty, and the judgment ought to stand.
PER CURIAM. No error.
(93)